1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HEIDI HAISCHER,                                    2:12-cv-0636-LDG-CWH

      Plaintiff,

v.

THE BANK OF NEW YORK MELLON, etc.,
et. al.,

      Defendants.

      On March 23, 2012, plaintiff Haischer filed her complaint in this action in state court alleging deceptive business practices in violation of NRS 598 and statutory violation of NRS 107. Defendants removed the case to this court, and on May 17, 2012, plaintiff filed a motion to remand (#10).  Defendants filed motions to dismiss (#13) and to expunge lis pensens (#14) on June 13, 2012.  While those motions were pending, plaintiff filed for chapter 13 bankruptcy (#16) on June 14, 2012, and attempted to remove this case for adjudication as an adversary proceeding pursuant to the underlying bankruptcy case (#16-1).  Defendants then filed a motion to remand this case back to this court from bankruptcy court.  Prior to the hearing before the bankruptcy court on the motion to remand, plaintiff filed a notice of voluntary dismissal in the bankruptcy court action on August 21, 2012 (#20-3).  Within hours of the filing of the notice of voluntary dismissal in the bankruptcy court action, plaintiff filed an adversary complaint in bankruptcy court against the same defendants and including the NRS 598 and 107 claims.  Despite plaintiff's filing of her

voluntary notice of dismissal in the bankruptcy action, the bankruptcy judge granted defendants' motion to remand on that same day.  On August 22, 2012, plaintiff filed a notice of voluntary dismissal without prejudice (#17) in this action.

Defendants have filed a motion to strike plaintiff's notice of voluntary dismissal (#18, response #19, reply #20).   In their motion, defendants contend that plaintiff filed a notice of voluntary dismissal in the bankruptcy court, then filed another identical adversarial action in bankruptcy court, and has now filed a motion for voluntary dismissal of this action.  This, according to defendants, should not be dis-allowed because a notice of dismissal operates as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(a)(1)(B).  Pursuant to Fed. R. Civ. P. 41(a)(1)(b):

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

However, under the operation of Rule 41, a first voluntary dismissal is presumptively without prejudice unless otherwise stated.  As the rule indicates, however, it is the second notice of dismissal that operates as the "adjudication on the merits" if plaintiff has previously dismissed any action in state or federal court based on or including the same claim.  Defendants' argument in their motion that the voluntary dismissal in this case should be stricken because of the previous voluntary dismissal in the bankruptcy case cannot be accepted.  It is after the second voluntary dismissal that the impact of the rule is felt.  At that point, a subsequent case alleging the same claims against the same parties would be subject to dismissal under res judicata.

Defendants, however, in their reply brief to plaintiff's response to defendants' motion to strike have grafted into the equation another previous case voluntarily dismissed by plaintiff. Defendants point out that on March 21, 2012, plaintiff filed a complaint in this district, Case No. 2:12-cv-0482, against the same defendants in this action enumerating the same causes of action-- violations of NRS 598 and 170–as the current action.  On March 28, 2012, plaintiff filed a notice

of voluntary dismissal of that case (#5).  Indeed, the circumstance of yet another previously

dismissed case involving the same claims would implicate the "two dismissal rule" of Rule 41.

But alas, the court must call into question on a number of grounds the effect of plaintiff's

voluntary dismissal of the bankruptcy court case, which would count as plaintiff's second

voluntary dismissal.  For one, plaintiff's voluntary dismissal did not dismiss the bankruptcy case at

all, as the bankruptcy court proceeded to grant defendants' motion to remand this case.  Indeed,

had plaintiff voluntarily dismissed the bankruptcy case, then this case which had been removed to

it would have presumably been voluntarily dismissed also, and we would not be here right now.

Conversely, if the current case was not voluntarily dismissed in the bankruptcy court action, then

there would be no "two-dismissal" bar to it either proceeding, or being voluntarily dismissed.

Finally, the court notes that defendants seek in their motion only to strike plaintiff's

voluntary dismissal, which plaintiff opposes.  They do not make a res judicata argument, and their

request for entry of judgment is made in their reply brief, leaving plaintiff no opportunity to

respond.  Therefore, under these circumstances, the court finds that, based on the current record,

defendants' motion to strike plaintiff's notice of voluntary dismissal should be denied.

THE COURT HEREBY ORDERS that defendants' motion to strike plaintiff's notice of

voluntary dismissal (#18) is DENIED.

THE COURT FURTHER ORDERS that, as this case has been voluntarily dismissed,

defendants' motion to expunge lis pendens (#14) is GRANTED.

THE COURT FURTHER ORDERS that plaintiff's motion for remand (#10) and

defendants' motion to dismiss (#13) are DENIED as moot.

DATED this _____ day of March, 2013.

_____
Lloyd D. George
United States District Judge

3